UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANCISCO CABASSA,
    Plaintiff,

    v.

JOHN OSTHEIMER, et al.,
    Defendants.

No. 3:16-cv-0175 (JAM)

## INITIAL REVIEW ORDER

    Plaintiff Francisco Cabassa is a prisoner in the custody of the Connecticut Department of Correction. He has filed a complaint *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Based on my initial review pursuant to 28 U.S.C. § 1915A, I conclude that the complaint should be served on defendants in their individual capacities.

    Plaintiff names six defendants in the complaint: Nurse John Ostheimer, Nurse Cindy, Shron Brown,[1] Warden Scott Erfe, Dr. Carson Wright, and Commissioner Scott Semple. All defendants except Commissioner Semple work at Cheshire Correctional Institution. Plaintiff contends that defendants were deliberately indifferent to his medical needs, conspired to deny him medical care, and committed medical malpractice. He also alleges that the defendants intentionally denied his right to seek redress of grievances.

    The following allegations from plaintiff's complaint are accepted as true for purposes of the Court's initial review. On September 19, 2015, plaintiff injured his right ankle while playing basketball. He fell to the floor holding his right ankle and screaming in pain. The correctional officer asked plaintiff if he could get up. Plaintiff was unable to do so. At 8:45 a.m., the

---

[1] Plaintiff refers to this defendant as Shron Brown in the case caption and as Shron Brown and Sharon Brown in the body of the complaint.

correctional officer called a code seeking urgent medical care for an injured prisoner.

Defendant nurse Ostheimer responded to the code with a wheelchair. When plaintiff stated that he could not get into the wheelchair on his own, defendant Ostheimer refused to assist him. Another inmate helped plaintiff to the wheelchair. Upon arrival to the infirmary at 8:55 a.m., defendant Ostheimer left plaintiff in the wheelchair in the waiting area and entered the infirmary. At approximately 9:55 a.m., defendant Ostheimer walked through the waiting area carrying files. When plaintiff stated that he was in severe pain, defendant Ostheimer responded that he was going to do some paperwork and would see plaintiff when he had finished.

Defendant Ostheimer brought plaintiff into the infirmary at 12:45 p.m. He told plaintiff that he would be placed on the sick call list and that an Ace bandage had been ordered. Defendant Ostheimer then ordered plaintiff to return to his housing unit. Plaintiff asked defendant Ostheimer how he could make any medical decisions without even speaking with him. Defendant Ostheimer refused to discuss the issue. Plaintiff proceeded to tell defendant Ostheimer that he heard and felt his bone break, he was in severe pain, his ankle was swelling and turning colors, and that he needed to go to the emergency room. Defendant Ostheimer told plaintiff to "stop being a cry baby" and that no one cared if his ankle was broken. Defendant Ostheimer stated that he had discussed the matter with Dr. Wright. They decided it was too expensive to take plaintiff to the emergency room for treatment. When plaintiff stated that he was unable to walk back to his housing unit, defendant Ostheimer grudgingly gave him crutches.

Later in the day, with his pain worsening, plaintiff asked the unit correctional officer to call the medical unit and request urgent medical treatment because his ankle was continuing to swell and discolor. The correctional officer stated that plaintiff's injury was not life-threatening

and told plaintiff to wait for sick call. He did not call the infirmary. Plaintiff submitted an inmate request with no immediate effect.

Unlike other correctional facilities, at Cheshire Correctional Institution there are no in-cell intercoms to permit inmates to contact the infirmary. Defendant Erfe has established a system where correctional staff decide whether to summon medical assistance for inmates. Through facility audits, Commissioner Semple has been made aware of this potentially dangerous situation but has not addressed it. Defendant Erfe learned of plaintiff's issues through his review of prison grievances but did not correct them. Defendant Brown, the Health Services Administrator, also reviews all medical grievances. Although she learned of the situation, she took no action to correct it. Defendant nurse Cindy was the health services supervisor. She was responsible for scheduling medical staff to ensure the medical needs of the inmates are met and reviewing all medical grievances. She failed to ensure proper staffing to address plaintiff's medical needs.

Dr. Wright ignored all symptoms of a broken bone and failed to arrange for plaintiff to receive emergency medical attention for three days. On September 19, plaintiff requested pain medication. He was told that Dr. Wright had ordered 800 mg of Motrin but was withholding the medication to determine whether plaintiff was faking his injury. Dr. Wright never examined plaintiff. No pain medication was provided. Also plaintiff was told that an Ace bandage would be ordered if the warden would clear him. Plaintiff never received the bandage.

Three days later, on September 22, plaintiff refused to return to his cell because of pain. He was told to walk to the medical unit. Plaintiff was told that he had a broken ankle and required treatment that could not be provided at the facility. He immediately was taken to the

3

University of Connecticut Health Center. Plaintiff was diagnosed with a spiral fracture of the distal fibula in his right ankle. As part of his treatment, he was prescribed a cam boot for six weeks to manage pain. He was not given the boot.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

Plaintiff asserts federal claims of deliberate indifference to a serious medical need, conspiracy to deny medical care, and a violation of his right to seek redress of grievances. He

4

also brings a state law claim of medical malpractice. Although not specifically referenced in the section of his complaint entitled "Claims for Relief," plaintiff has alleged facts to support a claim for supervisory liability against defendants Semple, Erfe, Cindy, and Brown. The case will proceed at this time on all claims except the claim for violation of plaintiff's right to redress of grievances.

### *Redress of Grievances*

Plaintiff contends that the defendants' actions "constituted a campai[g]n to have a chilling effect on plaintiff's ordinary firmness to complete the grievance process and seek civil action[.]" Doc. #1 at 15, ¶ 43. In the complaint, plaintiff alleges that he filed numerous informal complaints and grievances regarding his claims but the grievances and complaints were denied. Doc. #1 at 13-14, ¶ 41. He also complains that the grievance program precludes a Level III appeal even though no issues were resolved through Level II. Doc. #1 at 13, ¶ 40.

Plaintiff does not allege any interference with his ability to file grievances. Rather, he complains that the he did not receive responses to the grievances he filed and that the procedures are insufficient. Plaintiff, however, has no constitutionally protected right to an effective grievance procedure. Such procedures are established voluntarily by the states. They are not constitutionally required. Thus, any perceived defect in the procedures does not give rise to a constitutional violation. *Woodhouse v. City of Mount Vernon*, 2016 WL 354896, at *9 (S.D.N.Y. 2016) ("a prisoner has no constitutional right to a prison grievance procedure or to have his grievances investigated."); *see also Brown v. Tuttle*, 2015 WL 3886466, at *4 (D. Conn. 2015) (same). Further, plaintiff has no constitutional entitlement to receive a response to grievances he files. *Kalican v. Dzurenda*, 2015 WL 1806561 at *6 (D. Conn. 2015). Absent any

constitutionally protected rights to an effective grievance procedure or a response to filed grievances, all claims for violation of plaintiff's right to redress of grievances is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

*Motion for Service*

Along with his complaint, plaintiff has filed a motion seeking court assistance with service of process. Plaintiff has been granted leave to proceed *in forma pauperis*. The *in forma pauperis* statute requires the court to serve the complaint. *See* 29 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process … in such cases."). Thus, plaintiff's request is unnecessary and is denied as moot.

## CONCLUSION

In accordance with the foregoing analysis, the Court enters the following orders:

(1) The complaint will proceed against defendants in their individual capacities for the claims of deliberate indifference to serious medical need and medical malpractice against defendants Ostheimer and Wright, the conspiracy claim against all defendants, and the claim for supervisory liability against defendants Semple, Erfe, Cindy and Brown.

(2) **The Clerk shall** verify the current work address of defendants Scott Semple, Scott Erfe, John Ostheimer, Nurse Cindy, Shron or Sharon Brown, and Dr. C. Wright with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on him in his or her individual capacity and

the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) The defendants shall file their response to the Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date of the summons. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of

change of address. Plaintiff should also notify defendants or the attorney for the defendants of his new address.

      (9)      Plaintiff's motion for service (**Doc. #3**) is **DENIED** as moot.

It is so ordered.

Dated at New Haven this 22nd day of February 2016.

                                                /s/ *Jeffrey Alker Meyer*
                                                Jeffrey Alker Meyer
                                                United States District Judge